UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| RONALD SUTTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 14-163-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ronald Sutton is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky.  Proceeding without counsel, Sutton has filed an original and supplemented petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1, 5] Sutton has paid the habeas filing fee. [D. E. No. 6]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Sutton's petition under a more lenient standard because he is not represented by an attorney.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On December 21, 2005, Sutton, his brother Randall, and Jessie Mongham were indicted by a federal grand jury sitting in Cincinnati, Ohio for a series of armed bank robberies they committed from July to September 2005.  At all but one of the robberies, Sutton's brother Randall struck a bank manager in the head with the blunt end of his gun, and weapons were openly brandished at all of the robberies.  For each of the three bank robberies in which he participated, Sutton was charged with both bank robbery in violation of 18 U.S.C. § 2113(a), (d), and also with brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1).  *United States v. Sutton*, 406 F. App'x 955 (6th Cir. 2011).

Sutton, like his brother, signed a plea agreement admitting that he and his cohorts committed the robberies, and testified against Mongham at his trial. *United States v. Mongham*, 356 F. App'x 831 (6th Cir. 2009).  At the August 29, 2007, sentencing hearing, the government moved for a downward departure in Sutton's sentence in light of his cooperation and testimony against his co-defendant.   The trial court agreed, and sentenced Sutton to 80 months

imprisonment on Counts Three and Five for the two bank robberies, 84 months imprisonment on Count Four for the first conviction for brandishing a firearm, and 300 months imprisonment on Count Six for the second conviction for brandishing a firearm, all to run concurrently. *United States v. Sutton*, No. 1:05-CR-183-MRB-2 (S.D. Ohio 2005). Both of the sentences for the brandishing convictions were set at the respective 7-year and 25-year statutory minimums under § 924(c)(1). Sutton's objections to the reasonableness of his sentence under the Fifth and Eighth Amendments were rejected by the Sixth Circuit on direct appeal. *Sutton*, 406 F. App'x at 959-60.

On April 30, 2012, Sutton filed a timely motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255. In that motion, Sutton argued in part that his trial counsel was ineffective for failing to assert that his second brandishing conviction violated the Double Jeopardy Clause under *United States v. Henry*, 878 F. 2d 937, 943 (6th Cir. 1989). The trial court denied his motion, noting that Sutton's two brandishing convictions were imposed for brandishing a firearm on two distinct occasions. The Sixth Circuit denied a certificate of appealability on March 10, 2014, on the same grounds. *United States v. Sutton*, No. 1:05-CR-183-MRB-2 (S.D. Ohio 2005) [D. E. Nos. 188, 199, 207].

In his § 2241 petition, Sutton offers a slightly different take on his Double Jeopardy argument, contending that his two convictions under Section 924(c)(1)

3

for brandishing a firearm in Counts Four and Six are for the same "offense" as his two convictions under Section 2113(a) for armed bank robbery in Counts Three and Five, and therefore his convictions and sentences under them violate the Double Jeopardy Clause of the Fifth Amendment.   [D. E. No. 5, pp. 1-2] Specifically, he contends that "[i]t is impermissible to fractionalize a single offense into multiple offense in order to inflict excessive punishment on the petitioner where said convictions place his life, liberty, and property twice in jeopardy." *Id*. at 3.

The Court must deny Sutton's petition on both procedural and substantive grounds.   Procedurally, Sutton must assert his challenge to his convictions and sentence in a motion under 28 U.S.C. § 2255, and may not pursue his claim in a § 2241 petition.   A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.   *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).   To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.   *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).   The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy

to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory

construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Sutton's constitutional challenge to his convictions on Double Jeopardy grounds is not predicated upon a newly-decided Supreme Court decision re-interpreting the terms of the statutes of his conviction, and therefore does not fall within this narrow category of cases. Rather, his claim relates to alleged errors that occurred at or before sentencing, and thus falls squarely within the range of claims which must be and should have been brought under § 2255. His claim therefore may not be pursued in a habeas corpus petition pursuant to 28 U.S.C. § 2241. *Howard v. Young*, 485 F. App'x 664 (5th Cir. 2012) (holding Double Jeopardy challenge to convictions for armed bank robbery under § 2113 and carrying a firearm during the commission of a crime of violence under § 924(c) is not cognizable under § 2241). See also *Purnell v. Keffer*, 325 F. App'x 310 (5th Cir. 2009) (holding Double Jeopardy challenge to drug and firearms convictions not cognizable under § 2241); *Gresham v. Haynes*, 476 F. App'x 846 (11th Cir. 2012) (same).

Sutton argues that *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013) permits him to assert his "actual innocence" claim in under § 2241. [R. 5, pp. 9-10] In *McQuiggin*, the Supreme Court held that if the petitioner makes a "convincing showing of actual innocence" – meaning evidence indicating that the

petitioner did not actually commit the crime for which he was convicted – then he may overcome a procedural bar to consideration of his constitutional claim on the merits if the evidence establishes that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *McQuiggin*, 133 S. Ct. at 1931-33, 35-36. Thus, where a defendant can produce sufficient evidence to demonstrate actual innocence, *McQuiggin* permits the defendant to overcome a procedural bar to habeas relief.

Sutton's reliance upon *McQuiggin* suffers from both structural and particularized defects. First, as noted above, habeas relief may be sought under § 2241 only where the remedy available under § 2255 is "inadequate or ineffective" to obtain the relief the petitioner seeks. If the defendant has obtained evidence sufficient to demonstrate that he is actually innocent of the federal crimes for which he was convicted, *McQuiggin* would open the gateway to seeking habeas relief under 28 U.S.C. § 2255. If relief is then available under § 2255, by definition that remedy under § 2255 is not "inadequate and ineffective" to obtain the relief the prisoner seeks, *Truss*, 115 F. App'x at 773-74, and relief under § 2241 is unavailable. In short, because *McQuiggin* permits resort to relief under § 2255 upon a sufficient showing of innocence, that remedy – not § 2241 – is the only available and proper means to seek such relief. As the Tenth Circuit recently explained:

7

On appeal, Boyce contends that he is actually innocent. However, Boyce's briefing fails to explain how his asserted innocence entitles him to a remedy under § 2241. Our circuit precedent makes "a showing of actual innocence ... irrelevant" to whether a remedy under § 2255 is inadequate or ineffective. Rather, a remedy under § 2255 is adequate or effective as long as the movant's "argument challenging the legality of his detention could have been tested in an initial § 2255 motion."

…

The proper procedure for a federal prisoner who claims newly discovered evidence demonstrates his innocence is to seek permission to file a second or successive § 2255 motion in the sentencing court. *See* § 2255(h). … Boyce also suggests that the Supreme Court's decision in *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), allows him to proceed under § 2241 based on his assertion of actual innocence. He is incorrect. *Perkins* discusses an actual innocence "gateway" via which a prisoner may overcome procedural or time bars in an *initial* habeas proceeding. *See* 133 S. Ct. at 1928, 1934. The *Perkins* Court explicitly noted the different rules that apply to a second or successive case. *Id.* at 1933–34 (distinguishing between the heightened requirements for second or successive claims and the miscarriage of justice exception applicable to initial habeas claims).

*Boyce v. Berkebile*, 2015 WL 306733, at *1-2 (10th Cir. Jan. 26, 2015) (internal citations omitted). *See also Candelario v. Warden*, No. 14-11836, 2014 WL 6056234 (11th Cir. Nov. 14, 2014) ("*McQuiggin*'s holding was limited to initial petitions for habeas corpus. It created an exception to the limitations period; it said nothing about whether a petitioner may bring a second or successive petition under the savings clause."); *Griffin v. Longley*, 548 F. App'x 146, 147 (5th Cir. 2013) (holding that *McQuiggin* "do[es] not support a holding that [petitioner's] claim is based on a retroactively applicable Supreme Court opinion indicating that he was

8

convicted of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised.")

Second, Sutton does not make an "actual innocence" claim under *McQuiggin* because he does not contend that he did not rob the banks or brandish his gun. Instead, having admitted to committing those acts, he contends that the federal statutes which criminalize those acts as separate crimes violate the Double Jeopardy Clause by "impermissibl[y] fractional[izing] a single offense into multiple offense[s]." [D. E. No. 5, p. 3] Thus, even if *McQuiggin* could be used to assert an "actual innocence" claim in a § 2241 petition, it would not apply to Sutton's claim. *Cf. Tawalebeh v. Hollingsworth*, No. 1:14-CV-04759, 2014 WL 4053962, at *2 (D.N.J. Aug. 15, 2014) ("Petitioner does not dispute his participation in the events underlying his conviction, he is merely challenging a purely legal aspect. Nothing in *McQuiggin* provides a basis for relief when such claim is asserted: *McQuiggin* did not even have a reason to address this issue."); *Sidener v. United States*, No. 11–CV–3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013) ("Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence [under *McQuiggin*]."); *United States v. Cunningham*, No. H-12-3147, 2013 WL 3899335, at *4 n.3 (S.D. Tex. July 27, 2013) (same).

Finally, even if Sutton could overcome the numerous procedural barriers to his assertion of his constitutional claims in this § 2241 proceeding, his Double Jeopardy claim is substantively without merit. *Cf. United States v. Ramos*, 494 F. App'x 641, 643 (7th Cir. 2012) ("Armed bank robbery and use of a gun during a crime of violence are different offenses for double jeopardy analysis. ... It would not matter if they were the same, however, because Congress may authorize cumulative punishments in a single prosecution charging violations of different statutes proscribing the same offense.") (internal citations omitted); *United States v. Jordan*, 351 F. App'x 248 (9th Cir. 2009) ("The district court did not err by sentencing Myrie for violations of both 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c). We have previously concluded that imposing consecutive sentences under both statutes does not violate the Double Jeopardy Clause."); *United States v. Manna*, 92 F. App'x 880, 884-85 (3d Cir. 2004) (separate convictions for armed bank robbery under § 2113(d) and for brandishing a firearm during that offense under § 924(c) does not violate Double Jeopardy Clause under *United States v. Gonzales*, 520 U.S. 1, 10 (1997)); *United States v. Davis*, 306 F. 3d 398 (6th Cir. 2002) (same).

Accordingly, **IT IS ORDERED** that:

1.      Sutton's original and supplemented petitions for a writ of habeas corpus [D. E. No. 1, 5] are **DENIED**.

10

2.     The Court will enter a judgment contemporaneously with this order.

3.     This matter is **STRICKEN** from the docket.

This 10th day of March, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**

11